UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )     No. 18-1141-JDT-cgc |
| | ) |
| TONY PARKER, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(1)-(2)
OR PAY THE $400 CIVIL FILING FEE

On July 13, 2018, Plaintiff William D. Hamby, Jr., who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and an application for leave to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) United States District Judge Aleta A. Trauger issued an order on July 30, 2018, transferring Hamby's complaint to this Court because the allegations in the complaint concern events that occurred at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, which is part of the Western District of Tennessee. (ECF No. 5 at PageID 21.) Pending at the time of transfer were Hamby's motions to amend his complaint and to suspend or waive fees. (ECF Nos. 4, 8-10.) This Court granted the motions to amend but denied Hamby's motion to suspend or waive fees. (ECF No. 11.)

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Hamby has filed at least four previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous. (ECF No. 5 at PageID 20-21.)[1] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-

---

[1] *See, e.g., Hamby v. Johnson, et al.*, No. 3:13-cv-0096 (M.D. Tenn. Apr. 10, 2013) (dismissed for failure to state a claim); *Hamby v. Thomas, et al.*, 3:13-cv-00127 (M.D. Tenn. Feb. 19, 2013) (same); *Hamby v. Johnson, et al.*, 3:12-cv-01303 (M.D. Tenn. Jan. 10, 2013) (same); *Hamby v. Lingle*, 3:12-cv-00942 (M.D. Tenn. Sept. 18, 2012) (same).

98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Hamby alleges that he has hepatitis C and, because he previously was denied adequate treatment for that disease, now has cirrhosis of the liver. (ECF No. 1 at PageID 1.) He alleges that Doctor Tucker informed Doctors Williams and Cadreche that Hamby needed hepatitis C medication, a liver biopsy, and surgery, but Doctors Williams and Cadreche, as well as Commissioner Parker, denied him those treatments. (*Id.* at PageID 1-2.) Hamby alleges that the Defendants now have denied him treatment for his cirrhosis, including refusing to allow him a medical furlough as provided by TDOC policy. (*Id.* at PageID 2.) He states that he is in "mental anguish" and "physical pain" from being denied treatment and pain medication for his cirrhosis. (*Id.* at PageID 3.)

Hamby separately alleges that Doctor Conway also denied him proper treatment for his hepatitis C and now has denied him the medical furlough and treatment of his cirrhosis. (ECF No. 4 at PageID 15-16.) In his most recent amendment, Hamby alleges that Defendants Tucker, Collins, and Gregory, have refused him "ensure for nutrition, harvoni for hep-c, and vitriol [sic] or revia to help cirrhosis." (ECF No. 10 at PageID 17-18.)

Hamby's allegations that the Defendants have refused him treatment for his chronic medical condition sufficiently alleges that he was in imminent danger of serious physical injury at the time he filed his complaint.. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013) ("[A] plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once.").

Although Hamby sufficiently alleges he was in imminent danger, the Court cannot grant leave to proceed *in forma pauperis* because he has yet to fully comply with the PLRA. In order to take advantage of the PLRA's installment procedures, a prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). In this case, Hamby submitted only a "Uniform Civil Affidavit of Indigency," which is not the standard form used by this Court. (ECF No. 2.) The Court will therefore require him to file the appropriate prisoner affidavit form. In addition, the affidavit submitted by Hamby is not accompanied by certified copy of Hamby's trust account statement for the six months immediately preceding the filing of his complaint. Accordingly, Hamby is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[2] or a properly completed and executed *in forma pauperis* affidavit form and a copy of his trust account statement for the last six months. If Hamby needs additional time to file the required documents, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Hamby timely submits the necessary documents and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Hamby fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment

---

[2] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

If Hamby is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE