# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. HAMBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1141-JDT-cgc |
| | ) | |
| TONY PARKER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING CASE WITHOUT PREJUDICE, ASSESSING $400 CIVIL FILING FEE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On July 13, 2018, Plaintiff William D. Hamby, Jr., Tennessee Department of Correction prisoner number 135146, who is presently incarcerated at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and an application for leave to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) After the case was transferred to this district, the Court issued an order on June 4, 2019, noting that Hamby is a restricted filer under 28 U.S.C. § 1915(g). (ECF No. 13 at PageID 33.) However, the Court also concluded that Hamby sufficiently alleged he was in imminent danger of serious physical injury when the complaint was filed. (*Id.* at PageID 34.) The Court therefore directed Hamby to submit, within 30 days, either the appropriate prisoner *in forma pauperis* affidavit form and a copy of his inmate trust account statement, as required by 28 U.S.C. § 1915(a)(2), or the full $400 civil filing fee. (*Id.* at PageID 35.) The Court warned Hamby that if he failed to comply with the order in a timely manner the Court would "deny

leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute." (*Id.* at PageID 35-36.)

Hamby has not complied with the June 4, 2019, order, and the time for compliance has expired. Therefore, the motion for leave to proceed *in forma pauperis*, (ECF No. 2), is DENIED, and the complaint is hereby DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Hamby's motion to serve the Defendants, (ECF No. 12), is DENIED as moot.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Hamby cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Hamby's prison shall withdraw from Hamby's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Hamby's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Hamby's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Hamby's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided

that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Hamby's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Hamby's name and the case number as it appears on the first page of this order. If Hamby is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Hamby fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Hamby's ability to file future lawsuits in this Court, without any additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Hamby's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the MCCX to ensure that the custodian of Hamby's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) that an appeal in this matter by Hamby would not be taken in good faith.

The Court also must address the assessment of the $505 appellate filing fee if Hamby nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment

procedures contained in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA. Hamby is instructed that if he files a notice of appeal and wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE